# ZUKERMAN GORE BRANDEIS & CROSSMAN, LLP

Eleven Times Square  
New York, New York 10036

212.223.6700  
212.223.6433 *fax*

www.zukermangore.com

July 26, 2018

*Via ECF and Facsimile*

The Honorable Naomi Reice Buchwald  
United States District Judge  
United States District Court for the  
  Southern District of New York  
500 Pearl Street  
New York, NY 10007

Re:   *Alliance Baseball BBA, LLC v. TEN: The Enthusiast Network, LLC, et al.*  
      No. 1:18-cv-4901 (NRB)

Dear Judge Buchwald:

We represent defendants. Plaintiff's complaint was signed by two attorneys listing non-New York addresses, Carlos F. Gonzales and Brian T. Hafter, with the statement "Admission *Pro Hac Vice* Pending" under the signature block for each lawyer. That was on June 1, 2018. To date, the docket sheet in this action contains no motion for admission *pro hac vice*, and it appears that neither is a member of the bar of this Court. No other attorneys have appeared for plaintiff.

Putting that aside, the complaint does not properly allege a basis for diversity jurisdiction. By letter dated July 16, 2018, defendants requested a pre-motion conference. Our letter explained that all parties to this action are citizens of the same state, New York. Mr. Gonzales responded in opposition on behalf of plaintiff on July 19th. Counsel's letter, however, revealed a fundamental misunderstanding of federal subject matter jurisdiction. The response did not address the common citizenship issue and instead quoted from and argued at length about the exclusive forum selection clause in the parties' underlying agreement (which designates the state or federal courts in New York for disputes), as if the parties could somehow manufacture subject matter jurisdiction by private agreement.

In sum, the complaint was apparently filed by attorneys who are not members of the bar of this Court, and who have made no effort to obtain admission *pro hac vice* despite the statement to the contrary on their signature block. And the complaint purports to invoke diversity jurisdiction without properly alleging the citizenship of the parties. When given the opportunity to address

subject matter jurisdiction, plaintiff failed to proffer any relevant fact or contention to support its assertion of diversity. Plaintiff has not met its burden of pleading, much less establishing, subject matter jurisdiction. Moreover, "[o]nly an attorney who has been so admitted [pro hac vice] or who is a member of the bar of this Court may enter appearances for parties ...." Local Civil Rule 1.3(c).

In the circumstances, the pleading should be stricken from the docket, leaving plaintiff free to file a complaint with admitted counsel setting forth a proper basis for jurisdiction (although we do not believe such a basis exists). In that event, we would have no objection to the admission *pro hac vice* of Messrs. Gonzales and Hafter, if they make such applications.

Respectfully submitted,

Edward L. Powers


cc:     Brian T. Hafter, Esq, (*via ecf and email*)
        Carlos F. Gonzales, Esq. (*via email*)
        *Counsel for Plaintiff Alliance Baseball BBA, LLC*